LOTTINGER, Judge.
This is a suit, sounding in tort, for personal and property damages resulting from an automobile accident. The petitioner is Fred Anderson, and the defendants are Jefferson E. Newsom and his insurer, Peerless Insurance Company. The Lower Court awarded judgment in favor of petitioner and against the defendants. Defendants have taken this appeal.
This claim results from a rural inter-sectional collision which occurred at approximately 7 o’clock a. m. on May 1, 1957 in the Parish of St. Helena, Louisiana. The petitioner was driving his pickup truck in a westerly direction along a gravel road which forms a “T” intersection with Louisiana Highway No. 16. Highway 16 is a black topped road which runs generally northeasterly and southwesterly. The weather was cloudy with intermittent rains at about the time of the accident, however, the record discloses that there was no rain falling at the time of the impact.
Petitioner claims that upon reaching the intersection of the gravel road of Highway 16, he stopped and looked both ways. He saw no car approaching from the south, however, he did see the defendant approaching from the north at a distance of approximately 350 yards. He claims that he entered the highway and traveled some 60 feet before he was hit from the rear by defendant. Petitioner claims that his car, as a result of the impact, was thrown 135 feet down the highway from the point of impact, and that defendant’s car traveled approximately 25 feet and ended up in a ditch on the westerly side of the highway, the front end headed in an easterly direction, and the front wheels of defendant’s car being just off the edge of the black top.
*209 Petitioner claims that, in entering the highway, he was traveling at approximately 10 to IS miles per hour. He claims that defendant was exceeding the lawful rate of speed, failed to keep a proper lookout and failed to attempt to avert the accident. Petitioner testified that the right rear end of his truck was damaged from the blow to the extent of $180. After the accident he drove his truck away from the scene.
The defendant on the other hand, testified to the effect that the petitioner pulled out from the gravel road when defendant was some 50 to 75 feet from the intersection, that he immediately put on his brakes but was unable to do anything to avoid the collision. He contends that the impact took place just as the petitioner was completing his turn into the south hound lane of traffic of Highway 16. Defendant testified that prior to when observing the impending collision, he was traveling at about 50 to 60 miles per hour.
John T. Hodges, an eyewitness to the accident, testified on behalf of defendant. His testimony was to the effect that prior to the accident, he was traveling in a northerly direction along Highway 16, at a speed of approximately 50 to 60 miles per hour. When he was approximately two to three hundred feet from the intersection, at which time the defendant’s car was considerably closer to the intersection, he saw the truck pull out into the highway directly ahead. Hodges testified that the truck had cleared his lane of traffic, and had just straightened out, or was straightening out, in the opposite lane of trafile when the impact occurred. Immediately after the impact the front wheels of petitioner’s truck barely came over the center of the road before it straightened out. When the front wheels of the truck came across the center of the road, Hodges, who was then 30 to 50 feet away from the truck, pulled over to the right to avoid being hit. Hodges testified that defendant was unable to do anything to avoid the collision because if he had pulled to the left he would have hit Hodges head on.
Mills Morris, who lived 200 yards from the intersection, testified that he saw the Hodges car pass in front of his house and soon afterwards heard the impact. He places Hodges within a short distance of the accident at the time of impact.
It appears to us that the record as a whole discloses that there was no negligence shown on the part of defendant, and the burden was certainly upon petitioner to show that defendant was negligent by a preponderance of evidence. Certainly, even if we would assume that the defendant was negligent, the petitioner was also guilty of contributory negligence which would bar any recovery herein. Mr. Hodges, as is shown by the record, was in the neighborhood of a hundred to two hundred feet from the accident at the time of the impact. It was his testimony that the petitioner pulled out into the highway directly in front of the defendant’s vehicle, at a time when defendant was considerably closer than 200 feet from the intersection, maybe 100 feet from the intersection. Both defendant and Hodges testified that the petitioner did not stop before entering the preferred or right of way highway, that if he did stop, he did so behind high bushes, beyond which they were unable to see. It would have been fruitless to stop behind bushes in a location from which he could not see traffic along the highway. Mr. Hodges is substantiated in his testimony that he was just a short distance from the impact by witness Mills Morris.
Defendant testified that, upon seeing petitioner entering the highway, he applied his brakes about 30 to 35 feet before the impact. No skid marks were found on the highway after the accident. However, the blacktop was wet at the time, and furthermore, it could be that the brakes were not applied in time, or with such force, as to leave skid marks. The distances that the two vehicles came to rest from the point of impact does not indicate that defendant was exceeding the lawful speed rate, as this was a rear end collision, and the momentum of the two vehicles *210 ■would carry them some distance. Furthermore, if defendant were proceeding at such a great rate of speed, it appears that the damages to petitioner’s vehicle would have .been much greater than $180.
It therefore appears to this Court that the sole and proximate cause of the accident in question was due to the gross negligence of petitioner himself, who entered the preferred highway in the face of the approaching car of defendant. This fact is certainly substantiated by the record as a whole and the decision of the Lower Court will be reversed.
For the reasons hereinabove set forth, ■the judgment of the Lower Court is reversed, and there is judgment herein in favor of defendants, and against petitioner, dismissing petitioners demand. All costs to be paid by petitioner.
Judgment reversed.